**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

_____
MAXIMILIAN LAUW,        )
                           )
        Petitioner,  )
V.                    )    Criminal No. 1:04cr248
                           )    Civil Action No. 1:05cv705
UNITED STATES OF AMERICA,  )
                           )
        Respondent.  )
_____)

## MEMORANDUM OPINION

This case is before the Court on Petitioner Maximilian Lauw's motion filed pursuant to Title 28, United States Code, Section 2255.

On June 16, 2004, the petitioner pled guilty to a single count criminal information.  The information charged the petitioner with money laundering, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

At the plea hearing, the Court reviewed the plea agreement and statement of facts with the petitioner, and the petitioner affirmatively admitted that his plea of guilty was being entered into knowingly and voluntarily, which was accepted by the Court. Petitioner waived his right to appeal the sentence imposed by the Court and his constitutional right to proceed to trial.

A final Presentence Report (PSR) was prepared by the probation office, which recommended a total offense level of 23,

criminal history I, and a guideline range of 46 to 57 months imprisonment.  The probation officer calculated the offense level based on the money laundering conviction and the amount of loss totaling more than $400,000.  The probation officer adjusted the offense level upward by two points based on petitioner's role in the offense and subtracted three points for his acceptance of responsibility.  The probation officer also adjusted petitioner's offense level upward by two points because part of the scheme was committed from outside the United Sates and the offense involved sophisticated means, which totaled 23.

Counsel for petitioner filed objections to the PSR on August 17 and September 14, 2004, contesting the amount of restitution and the application of a two-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(8)(B), where a substantial portion of the offense was committed from outside the United States and where the offense involved sophisticated means.  Counsel for petitioner alleged in his September 14 pleading that the two-level enhancement had not been agreed upon by the petitioner in his Statement of Facts and had not been proven beyond a reasonable doubt in accordance with the standard set forth in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004).  At sentencing, the Court rejected petitioner's arguments.

On September 17, 2004, the Court sentenced the petitioner to 46 months incarceration, three years of supervised release,

-2-

$100.00 assessment, and ordered restitution payment in the amount of $605,894.  The Court adopted the factual findings and guideline applications in the PSR for a total offense level of 23, criminal history I, with a guideline range of 46 to 57 months imprisonment.

Judgment was entered on September 21, 2004.  Petitioner did not appeal the judgment of this Court.  Petitioner filed the instant motion to vacate on June 13, 2005, and his presently incarcerated on this conviction.

Petitioner alleges that he was denied his Sixth Amendment right to effective assistance of counsel because his counsel failed to appeal alleged sentencing irregularities.  Petitioner's underlying sentencing claims are procedurally barred, as well as his arguments pursuant to United States v. Booker, 125 U.S. 738 (2005).

Generally, a defendant must advance challenge to a conviction or sentence on direct appeal, or else a court must consider the challenge procedurally barred in a Section 2255 proceeding.  See Bousley v. United States, 523 U.S. 614, 621-23 (1998); United States v. Frady, 456 U.S. 152, 167 (1982); see also United States v. Mikalajunas, 186 F.3d 490 (4th Cir. 1999).

Absent a showing that the ground of error was unavailable, a court may not consider the ground motion for Section 2255 relief unless the petitioner establishes "cause" excusing his failure to

-3-

raise the ground on direct appeal, and "actual prejudice" resulting from the alleged error.  See Bousley 523 U.S. at 622; Frady, 456 U.S. at 152.

Petitioner's claims of ineffective assistance of counsel do not have any merit that would excuse his procedural default for failing to previously raise his sentencing challenges.

To prevail on a claim of ineffective assistance of counsel, a petitioner has the burden of showing that "the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance."  Petitioner must show that "counsel's performance fell below an objective standard of reasonableness."  Strickland v. Washington, 466 U.S. 668, 688, 690 (1984).

To establish prejudice, a defendant has the burden of showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694. Petitioner cannot demonstrate that his attorney's performance was objectively deficient and that the alleged deficient performance of counsel prejudiced him.  Id. at 687.

The petitioner argues that the decision in Booker now precludes the Court from adjusting his sentence based on the Court's findings that part of the scheme was committed from

-4-

outside the United States and the offense involved sophisticated means.  Petitioner also couches this argument as a claim of ineffectiveness by arguing that his counsel did not file an appeal raising this issue.  Petitioner essentially alleges that because he did not admit to the factual basis for these issues, nor did a jury make these determinations, the Court's maximum guideline sentence should now be calculated with a base offense level of 6 and criminal history I (0 to 6 months).  Petitioner requests this Court re-sentence him to time served.  However, petitioner's argument is without merit.

Paragraph 3 of Section 2255 allows a petitioner to file a motion within a one-year period from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255.  The Supreme Court in U.S. v. Booker, 125 S. Ct. 738 (2005), considered whether the Sixth Amendment right to a jury trial, as construed in Blakely[1], attaches to findings that enhance a defendant's sentence under the federal Sentencing Guidelines and, if so, whether and under what circumstances the Guidelines can operate in accordance with the requirements of the

---

[1] Blakely v. Washington, 124 S. Ct. 2531 (2004) (Supreme Court applied the rule announced in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), to invalidate an upward departure under the Washington State sentencing guidelines system that was imposed on the basis of facts found by the court at sentencing).

Sixth Amendment.  The Court concluded, the Act "makes the Guidelines effectively advisory."  Id. at 743.  However, Booker is not retroactive on collateral review.  The United States Court of Appeals for the Fourth Circuit in U.S. v. Morris, 429 F.3d 65 (4th Cir. 2005) found Booker not to apply retroactively on collateral review.

Petitioner alleges his counsel was ineffective for failing to file an appeal contesting the sentencing enhancement, the restitution amount and the government's refusal to file a Rule 35(a) motion.  Petitioner, however, waived his right to appeal his sentence in his plea agreement.

Generally speaking, a defendant who pleads guilty waives all claims relating to constitutional violations that occur before the entry of the plea.  See, e.g., Tollett v. Henderson, 411 U.S. 258, 266 (1973).  The Fourth Circuit has repeatedly approved the knowing and voluntary waiver of a defendant's right of appeal. See United States v. General, 278 F.3d 389, 399-01 (4th Cir. 2002); United States v. Brown, 232 F.3d 399, 404-05 (4th Cir. 2000); United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1991). Based on the particular provisions of the plea agreement and the record, petitioner knowingly waived any challenge to the application of the guidelines.  See United States v. General, 278 F.3d at 400.  Accordingly, counsel could not have been

ineffective for failing to file an appeal challenging the guidelines.

Petitioner requests that the Court void his appellate waiver because his counsel did not explain the waiver to him. Petitioner's argument is based on <u>Blakely</u> and <u>Booker</u>, and he alleges that under these cases, the calculations in the pre-sentence report are incorrect.  Petitioner essentially argues that his plea agreement waiver was not knowingly, intelligently, and voluntarily entered because he could not have anticipated that the guidelines would be deemed advisory.

Petitioner confirmed under affirmation that he had signed the plea agreement, had reviewed the plea agreement with his counsel, understood the agreement and agreed that the written plea agreement was the entire agreement reached with the government.  Petitioner affirmed that he understood the penalties of the conviction.  Petitioner agreed that the maximum penalties for the offense of conviction under 18 U.S.C. § 1956(a)(2)(B)(I) were 20 years of imprisonment, a fine of $500,000, or twice the value of the monetary instrument or funds involved in the transportation, transmission, or transfer, whichever was greater, full restitution, a special assessment, and five years of supervised release.

The Court advised the petitioner of the charges in the indictment, the proof that the government would have to submit

-7-

and advised the petitioner that he was giving up all of his
constitutional rights to proceed if the plea of guilty was
accepted, and petitioner agreed that he understood.  Petitioner
agreed that his sentence would be determined under the Sentencing
Guidelines.  In particular, petitioner agreed to waive an appeal
of his sentence so long as the sentence was within the maximum
provided by the statue of conviction.  Petitioner was questioned
by the Court whether he was waiving his statutory appeal rights,
and petitioner affirmatively agreed to waive the right.

The Court inquired whether the petitioner had reviewed the
statement of facts and whether he disagreed with any of the
facts, and the petitioner responded that he agreed that the facts
were correct and that he was not innocent of the charges
contained in the information.  The petitioner agreed that the
factual basis for his plea was based on facts establishing guilt
of the offense beyond a reasonable doubt.  The petitioner also
agreed in his plea agreement and also to the Court's query that
he was satisfied with his counsel's representation.

Petitioner also alleges that his counsel failed to file an
appeal at petitioner's request.[2]  As stated in the affidavit of

---

[2] The Supreme Court has rejected a bright-line rule that
counsel must always consult with the defendant regarding an
appeal and has held that a petitioner must prove that counsel was
ineffective and but for counsel's ineffectiveness, an appeal
would have been filed.  Roe v. Flores-Ortega, 528 U.S. 470, 484
(2000).

Nicholas A. Balland, however, there was no reason for counsel to believe that an appeal was warranted due to petitioner's waiver and his understanding that any appeal of the sentencing issues would be fruitless.

Further, the United States is entitled to specific performance of the contract petitioner made through his plea agreement.  See generally United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) (recognizing the advantages of plea bargaining and finality by securing waivers of appellate rights from criminal defendants as part of the process); United States v. Martinez, 143 F.3d 1266, 1271 (9th Cir. 1998) (holding that defendant was bound by his waiver of the rights to appeal in the event of a breach of his plea agreement).  In addition, petitioner's appeal waiver is enforceable and foreclosed under Booker.  United States v. Morgan, 406 F.3d 135, 137 (2d. Cir. 2005).

Petitioner waived his right to challenge the sentence as a condition of the case being disposed.  Presumably, petitioner was aware of his Apprendi rights because his counsel raised a Blakely objection prior to sentencing.  That petitioner did not have knowledge of Booker makes no "material difference."  United States v. Morgan, 406 F.3d at 137.  He should not be allowed to violate that agreement by now challenging his conviction and sentence.  Therefore, based on petitioner's valid plea agreement

waiver, petitioner cannot establish "cause" excusing his failure to raise his sentencing issues on direct appeal.

Notwithstanding petitioner's claims to the contrary, the government proved beyond a reasonable doubt the facts supporting the sentencing enhancements under U.S.S.G. Section 2B1.1(b)(8)(B). In his plea agreement, petitioner stipulated to facts showing that a substantial portion of this offense was committed outside the United States. In addition, petitioner agreed that the government could prove such facts "beyond a reasonable doubt." At sentencing, the government presented additional evidence to support the enhancement.

In his plea agreement, petitioner stipulated to the following facts: Petitioner worked for Barber and Ross ("B&R"), a company located in Leesburg, Virginia, which sells various types of finished wood products. In 1995, B&R opened a company in Indonesia, PT Profilindah to manufacture wood products, which were to be suppled only to B&R and to no other company. In 1999, petitioner was placed in charge of approximately 800 production employees and 40-50 office personnel. Petitioner committed the scheme when he was working in Indonesia and managing the operations of the Profilindah company.

Petitioner stipulated that on at least 14 separate occasions between December 2000 and December 2001, petitioner unlawfully used the facilities, labor, and materials of Profilindah - all of

which were funded with advances from B&R and earmarked
exclusively for B&R's use - to sell wood products manufactured in
Indonesia to two other purchasers within the United States.
These unauthorized sales yielded proceeds of $717,000, the
"illegal proceeds" which defendant converted for his personal
use.

When petitioner made the illegal sales to the U.S.
purchasers, he created invoices and packing slips from a computer
based in Indonesia.  In addition, in order to conceal the
transactions from his employer, defendant had the purchasers of
the wood wire the illegal proceeds to bank accounts in Indonesia,
one of which was in the name of petitioner's co-conspirators.

Between April 6, 2001, and September 25, 2001, petitioner's
accomplices made six wire transfers totaling $298,484.47 in
illegal proceeds into petitioner's accounts at the Surabaya
Indonesia Branch of the Hong Kong & Shanghai Banking Corporation
Ltd. ("HSBC").  (Statement of Facts, p. 3).  Petitioner
transferred a substantial portion of the illegal proceeds from
this account to the account that he had held jointly with his
wife at the First Virginia Bank, Falls Church branch.  As a
result of the fraud scheme, petitioner caused B&R to suffer taxes
totaling approximately $65,894.00; and the total loss suffered by
B&R as a result of petitioner's criminal conduct was
approximately $782,894.00 (Id. at p.2).  Clearly, an upward

adjustment under Section 2B1.1(b)(8)(B) was justified.

Petitioner claims counsel was ineffective for failing to appeal the restitution order. Counsel, however, challenged the restitution order at sentencing and this Court rejected that claim. Petitioner states that his restitution payment of $605,894 should be reduced: (1) by $89,000 contained in a Barber and Ross 401K plan; and (2) by vacation pay that he alleged never collected. This claim is meritless.

The 401K plan belonged to the petitioner and not to Barber and Ross, which had released claims to that money and which had no ability to access the money. Similarly, petitioner should not be credited with any portion of alleged vacation pay because Barber and Ross disputed the assertion, and the disputed amount should be the subject of separate litigation between petitioner and Barber and Ross. Therefore, petitioner has not demonstrated that his counsel's performance was objectively deficient and that the alleged deficient performance of counsel prejudiced him.

Petitioner also claims that the Court failed to make specific findings in accordance with Weinberger v. United States, 268 F.3d 346 (6th Cir. 2001). This case is inapposite. In Weinberger, the district court ordered that the defendant pay over $1 million in restitution even though there was no provision in the plea agreement requiring the defendant to pay full restitution to his victims. The Sixth Circuit found that the

-12-

district court abused its discretion by failing to consider
adequately all of the facts necessary for the defendant to make
full restitution to his victims.  The Court reasoned that the
district court had not adequately considered the financial needs
and earning ability of the defendant and his dependants.

Here, by contract, there is no issue relating to
petitioner's financial needs and ability to pay restitution.
Moreover, there is no specific provision in petitioner's plea
agreement requiring him to pay full restitution ($782,894.00) to
Barber and Ross.  The Court's rejection of petitioner's request
to reduce the restitution which he already agreed to pay is amply
supported by the record.

Petitioner argues that his counsel was ineffective for
failing to request the "promised Rule 35 sentence reduction
motion."  Petitioner alleges without any evidentiary support
whatsoever, that the motion was withheld in "bad faith" because
of petitioner's Indonesian descent.

The plea agreement here indicates that the government
reserved its right to seek any departure from the sentencing
guidelines or reduction of sentence "if, in its sole discretion,
the United States determines that such a departure or reduction
of sentence is appropriate."  Further, the government's decision
to make or withhold a substantial assistance motion is a form of
prosecutorial discretion; and the granting of such motion is

within the discretion of the district court.  See Wade v. United States, 504 U.S. at 185; United States v. Butler, 272 F.3d 683, 686 (4th Cir. 2001).  Here, the government did not file a Rule 35 motion because the petitioner did not substantially assist the government.  Moreover, no promises were made to the petitioner about the government's intentions in this regard.  In addition, the petitioner's conclusory allegation that the motion has not been filed because of his Indonesian heritage is baseless and unsubstantiated.  See United States v. Roane, 378 F.3d at 401. Therefore, petitioner cannot demonstrate that he was entitled to a Rule 35 motion and any appeal would have been fruitless.

The petitioner has requested an evidentiary hearing, however, the Court finds that an evidentiary hearing is not warranted.

Wherefore, the petitioner's motion should be denied.


                                        /s/
                            _____
                            CLAUDE M. HILTON
                            UNITED STATES DISTRICT JUDGE




Alexandria, Virginia
March 30   , 2006

                              -14-